IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS M. CASSIDY, JR., )
 )
    Plaintiff, )
 )
  -vs- ) Civil Action No. 15-711
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 14 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 14) and denying Defendant's Motion for Summary Judgment. (ECF No. 16).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since June 1, 2011. (ECF Nos. 8-7, pp. 2, 4). Administrative Law Judge ("ALJ"), Joanna Papazekos, held a hearing on October 30, 2013. (ECF No. 8-3, pp. 2-57). On February 14, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 20-32). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 14 and 16). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Duty to develop the record

Plaintiff argues that the ALJ failed to meet his duty to develop the record. (ECF No. 15). Specifically, Plaintiff asserts that the ALJ failed to develop the record with regard to Plaintiff's actual treatment records from Family Behavioral Resources ("FBR"). (ECF No. 15, pp. 14-19). Plaintiff suggests that the ALJ stated she would request the records and if they were not provided she would issue a subpoena. *Id.* Since the ALJ did not secure the records or issue a subpoena, Plaintiff submits that the ALJ opinion is not based on substantial evidence such that remand is warranted. *Id.*

The regulations make clear that it is the Plaintiff's burden to prove that he is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §416.912(a-c). Nevertheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §416.920b; 404.1520b; 416.912(d); 404.1512(d).

3

"We will make every reasonable effort[1] to help you get medical reports from your own medical sources when you give us permission to request the reports." *Id.*

Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant. *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984). While such is not the case here, the hearing testimony sheds tremendous light on the situation at hand. In this case, Plaintiff treated with FBR over 40 times. At the hearing, the ALJ, Plaintiff's attorney and Plaintiff discussed the difficulties that they were having in securing the treatment records from FBR. (ECF No. 8-3, pp. 5-6). Plaintiff's counsel informed the ALJ that he had made several attempts to secure the records, but was unsuccessful. *Id.* He was told that FBR would not release the information without a subpoena. *Id.* The dialogue continued:

> ALJ: Okay. Let's do this. Let's proceed with today's hearing. If [I] have enough information to decide the case the way it is I will and if not we'll go ahead and take some steps to help you secure those records.
> ATTY: Thank you, Your Honor.
> ALJ: Honestly, Counselor, you know that subpoenas are not issued lightly here and I try very, very hard not to do that because I do not have a set of Storm Troopers that go to the doctor's office to drag the records out of them.
> ATTY: Right.
> ALJ: But if I have to I will ask the claimant physician (sic) to show up here and tell me why it is they can't give me the records in person. So I will issue a subpoena *duces tecum* if they won't respond to my request. That's my intention.
> ATTY: Thank you, Your Honor.
> \*       \*       \*
> ALJ: Well, I will tell you, Mr. Cassidy, that it is frequent that mental health facilities will not give mental health record to the patient. Mental health records are a little different than regular medical records and the rules that govern those records are a little different. So I am not surprised that they didn't hand them to you.
> CLMT: Okay.
> ALJ: I am a little surprised that they – when you showed up and said I need them that they didn't forward them to your attorney. But be, be that as it may, I

---

[1] "Every reasonable effort means that we will make an initial request for the evidence from your medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination." 20 C.F.R. §416.912(d)(1).

4

>           will use the power of the Federal Government to squeeze them out of them
>           if I can.   It doesn't mean that I'm going to succeed either.
> CLMT:   Right.
> ALJ:    It means I'm going to give it my college try….

(ECF No. 8-3, pp. 6-8).  At the end of the hearing, the ALJ stated that she was going to request the records.

> ALJ:    Okay.   Counselor, I'm going to go ahead and request the records that you
>           asked me for.
> ATTY:   Okay.
> ALJ:    And when I get them I will proffer them to you.
> ATTY:   Thank you.
> ALJ:    I have no idea, Mr. Cassidy, how long it will take for these folks to respond
>           to me, but I will do my best to do that.   You can help me a little bit.   I want
>           to make sure that you go into your therapist and you sign a release form ….
>                   *               *               *
> ALJ:    And then before you leave here today I'm going to have you sign one, a
>           Government release form.

(ECF No. 8-3, p. 56).

It appears as though the ALJ attempted to secure the records from FBR and received Exhibit 20F in response. (ECF No. 8-18, pp. 15-40).  A review of Exhibit 20F reveals, however, that virtually no new additional medical treatment records were provided.[2]  *Compare,* Exhibit 17F with Exhibit 20F (ECF No. 8-14, pp. 64-87 and No. 8-18, pp. 15-40).  Clearly, by initially seeking the records from FBR the ALJ determined that she did not have enough information to decide the case without the same.  Otherwise, as she stated, she would not have requested them.  (ECF No. 8-3, p. 6).

I am unable to determine, however, if the ALJ assumed that the records she received from FBR in response to her request contained the essential documents or if she realized that the records she received at Exhibit 20F were virtually the same as Exhibit 17F and did not contain any of the treatment records that she and Plaintiff's counsel discussed at the hearing.  She does not

---

[2] Exhibit 20F contained an updated summary sheet that showed additional appointment and service history dates (13 additional) and one treatment plan from October 11, 2013.

5

mention anything about this in her opinion.  (ECF No. 8-2, pp. 20-32).  In fact, the only time the ALJ cites to Exhibit 20F is to indicate that Plaintiff was motivated for treatment.  (ECF No. 8-2, p. 29).

Furthermore, I find that the ALJ's statements caused Plaintiff's counsel to reasonably believe that the ALJ was going to issue a subpoena if FBR did not respond.  (ECF No. 8-3, p. 7).  As discussed above, Exhibit 20F did not contain any of the treatment records that she and Plaintiff's counsel discussed at the hearing.  Thus, Exhibit 20F basically is not a new response.  Yet, it does not appear from the record, that the ALJ ever issued the subpoena *duces tecum.*  This causes me great pause in light of the fact that the ALJ specifically stated she intended to do so.  (ECF No. 8-3, p. 7).  I find the ALJ left Plaintiff and his counsel with the clear impression that this was the course of action she was going to take.  Having failed to take this course action without explanation to counsel and then issue an opinion that found Plaintiff was not disabled, in part due to the lack of evidence, is, at the very least, unfair and prejudicial to Plaintiff.  Therefore, based on the same, I cannot find the ALJ's decision is based on substantial evidence.

Obviously, records from a treating source are important to consider when making a disability determination.  As a result, I am remanding the case for the ALJ to issue a subpoena, as she indicated she would, to have the doctor(s) testify as to why he/she would not produce the records.  Additionally, Plaintiff's counsel shall be given additional time to submit any further treatment records he is able to obtain from FBR.  Thereafter, the ALJ is instructed to make a new review of this claim.  To be clear, since I am remanding to obtain Plaintiff's treatment records from FBR and for the ALJ to make a new review in light of the same, the ALJ shall reevaluate all of the evidence of record, as such evaluation may change on remand.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS M. CASSIDY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 15-711 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 21st day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 14) is and Defendant's Motion for Summary Judgment (Docket No. 16) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge